**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MANN UTILITIES, INC., a Florida
Corporation,

    Plaintiff,

v.

    Case No. 5:24-cv-267-TJC-PRL

WLM CONTRACTING, INC., a
Georgia corporation and GREAT
MIDWEST INSURANCE
COMPANY, a Texas corporation,

    Defendants.

## O R D E R

**THIS CASE** is before the Court on Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. Doc. 7. The issue is enforceability of a forum selection clause in a contract between one of the Defendants, WLM Contracting, Inc., and Plaintiff, Mann Utilities, Inc., which Defendants[1] seek to enforce and Mann argues is not valid under state law. Alternatively, Plaintiff says the case should not be transferred based on inconvenience to the parties and considerations of justice.[2]

---

[1] The other defendant is Great Midwest Insurance Company, issuer of a lien transfer bond. Doc. 7 at 3.

[2] Mann also argues the motion to transfer should be denied because Defendants failed to comply with local rules. Even if the Court agreed, such denial would be without prejudice. For reasons of judicial economy and based

The mandatory forum selection clause, ¶27.6, states:[3]

> The Subcontractor [Mann] agrees that in the event that litigation is to be filed, then the sole location for jurisdiction and venue of the dispute shall be the Magistrate, State or Superior Courts of DeKalb County, or the Atlanta Division of the United Stated District Court for the Northern District of Georgia.

Mann argues the forum selection clause is invalid under § 47.025, Florida Statutes (2024), and should not be enforced because it is contrary to Florida's public policy. Mann argues "other federal district courts have refused to enforce forum selection clauses where such enforcement would be against the public policy of the home forum" but only cites a single case from another jurisdiction. Doc. 10 at 8 (citing McCloud Constr., Inc. v. Home Depot USA, Inc., 149 F. Supp. 2d 695 (E.D. Wisc. 2001)). McCloud's reasoning and holding are unpersuasive because they are premised on finding state law is controlling. McCloud, 149 F. Supp. 2d at 700. The Eleventh Circuit has concluded that whether to enforce a forum selection clause in a diversity case is governed by federal law under 28 U.S.C. § 1404(a). P & S Bus. Mach., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28-29 (1988)).

---

on the circumstances here, the Court will not deny the motion for failure to comply with local rules.

[3] Mann has not argued the forum selection clause is permissive.

2

Mann concedes a "forum selection clause is presumptively valid and enforceable" without a strong showing that enforcement is unfair or unreasonable. Doc. 10 at 7-10. The Eleventh Circuit looks to "four factors to evaluate whether a forum-selection clause should be invalidated as unfair or unreasonable: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." Aquate II LLC v. Myers, 100 F.4th 1316, 1323 (11th Cir. 2024) (internal quotation marks and authority omitted) (noting a forum-selection clause will rarely be invalidated by these factors because it is "after all, a contract between two parties."). "But if a party can show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court, the forum-selection clause will not be enforceable." Id.

Mann has not made any argument regarding the first and third factors. The second factor, involving inconvenience or unfairness, does not favor Mann, as discussed infra. The only argument about the fourth factor concerns the public policy reflected in Florida's statute. Because the Eleventh Circuit has decided federal law controls, this public policy consideration is not applicable.

Accordingly, the Court finds the forum selection clause valid, and the issue is whether transfer is nevertheless appropriate under 28 U.S.C. § 1404,

3

which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When there is a valid forum selection clause, such clauses are to "'be given controlling weight in all but the most exceptional cases.'" Aquate, 100 F.4th at 1322 (11th Cir. 2024) (quoting Atlantic Marine Constr. v. U.S. Dist. Ct. for the W. Dist. of Texas, 571 US 49, 63 (2013)).

"Mann does not dispute that the Northern District of Georgia is an adequate forum . . . ." Doc. 10 at 13. Mann does argue that a difference in median case time to trial (33 months in the Northern District of Georgia versus 31.2 months in the Middle District of Florida) indicates court congestion and weighs against transfer. Doc. 10 at 13. Mann concedes it can litigate the dispute in Georgia, but argues doing so will "result in undue inconvenience and prejudice" based on the need to retain local counsel and "the financial burden of getting that new counsel 'up to speed' on the issues." Doc. 10 at 14. Neither the small difference in median time to trial nor costs associated with local counsel are so material that they outweigh enforcement of the forum selection clause. See P & S Bus. Mach., Inc., 331 F.3d at 807 (noting "[t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause.")

4

Mann argues enforcement of the forum selection clause would be "unfair and unreasonable to Mann and would deprive Mann of its choice of forum." Doc. 10 at 7. The Eleventh Circuit has considered that argument and disagreed, holding that "[b]y enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum but is enforcing the forum that the plaintiff has already chosen." P & S Bus. Mach., Inc., 331 F.3d at 807. Moreover, "the usual importance attached to the plaintiff's choice of forum evaporates; instead 'as the party defying the forum-selection clause, the plaintiff bears the burden of establishing the transfer to that forum for which the parties bargained is unwarranted.'" Aquate, 100 F.4th at 1322.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. §1404, Doc. 7, is **GRANTED**.

2. Plaintiff's Motion to Dismiss, or, in the Alternative, Motion for a More Definite Statement, Doc. 17, is **DENIED** as moot.

3. The Clerk shall **TRANSFER** this action to the United States District Court for the Northern District of Georgia, Atlanta Division, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 22nd day of November, 2024.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record